IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD BELSER, #154937,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | CASE NO. 2:10-CV-750-TMH |
| ) | [WO] |
| ) | |
| WARDEN RENEE MASON et al.,  ) | |
| ) | |
| Respondents.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Richard Belser ["Belser"], a state inmate, on September 8, 2010. In this petition, Belser challenges convictions/sentences for theft of property and attempted assault imposed upon him by the Circuit Court of Montgomery County, Alabama in August of 1998. Specifically, Belser argues the State failed to present sufficient evidence of his guilt, the trial court improperly refused to give requested jury charges, stand-by counsel allowed family members of police officers to serve on the jury, the trial court lacked jurisdiction because it allowed the State to call a witness dressed in prison clothes, the cumulative effect of appellate counsel's representation deprived him of effective assistance, and the trial court erred in appointing appellate counsel. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 14-23.

**DISCUSSION**

A review of the records of this court establishes that Belser filed two previous

habeas petition pursuant to the provisions of 28 U.S.C. § 2254 in which he challenged the theft and attempted assault convictions made the basis of the instant petition. *Belser v. State of Alabama, et al.*, Case No. 2:03-CV-328-WHA (M.D. Ala. 2003); *Belser v. State of Alabama, et al.*, Case No. 08-CV-285-WKW (M.D. Ala. 2008). In the initial habeas action, this court denied Belser relief on the claims challenging his 1998 convictions. Belser's second application for habeas corpus relief was summarily dismissed pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A) because he had not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.

As indicated above, 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Belser that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is a

successive] habeas corpus petition and because [Belser] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id.* at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Richard Belser on September 8, 2010 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Belser has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.[1]

It is further

ORDERED that on or before October 8, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

---

[1] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Belser] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ... because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of September, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE